# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SHANNON, <br> Plaintiff, <br> v. <br> MICHAEL J. ASTRUE, <br> Commissioner of Social Security, <br> Defendant. | NO. EDCV 10-359 AGR <br><br> **MEMORANDUM OPINION AND ORDER** |

John Shannon ("Shannon") filed this action on March 23, 2010. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on April 7 and 9, 2010. (Dkt. Nos. 8, 9.) On November 29, 2010, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court affirms the decision of the Commissioner.

///

///

///

///

# I.

# PROCEDURAL BACKGROUND

On July 12, 2007, Shannon filed an application for disability insurance benefits. Administrative Record ("AR") 20. Shannon also filed an application for supplemental security income benefits. *Id.* In both applications, Shannon alleged a disability onset date of June 13, 2007. *Id.* The applications were denied initially and upon reconsideration. AR 70-74, 76-80. Shannon requested a hearing before an Administrative Law Judge ("ALJ"). AR 81. On September 25, 2009, the ALJ conducted a hearing at which Shannon, a medical expert and a vocational expert ("VE") testified. AR 34-65. On November 17, 2009, the ALJ issued a decision denying benefits. AR 17-29. On January 25, 2010, the Appeals Council denied the request for review. AR 9-11. On March 16, 2010, the Appeals Council set aside its earlier action to consider additional information and again denied the request for review. AR 1-5. This action followed.

# II.

# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the

///

evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

### III.
### DISCUSSION

#### A.   Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

#### B.   The ALJ's Findings

The ALJ found that Shannon meets the insured status requirements through June 30, 2012.  AR 22.

Shannon has the severe impairments of "depressive disorder, not otherwise specified, rule out alcohol induced mood disorder versus major depressive disorder; and history of alcohol and cocaine abuse."  *Id.*  He has the residual functional capacity ("RFC") to perform "a full range of work at all exertional levels but with the following nonexertional limitations:  he is limited to simple repetitive tasks with no public contact and only occasional non-intense contact with coworkers and supervisors; and he should avoid work requiring hypervigilance, safety operations, and the operation of dangerous equipment."  AR 23-24.  He cannot perform any past relevant work, but there are jobs that exist in significant numbers in the national economy that he can perform, such as assembler small products, cleaner housekeeping, and office helper.  AR 27-28.

#### C.   Step Five of the Sequential Analysis

Shannon claims that the ALJ erred at step five because the jobs that the ALJ found that Shannon could perform are inconsistent with the Dictionary of

Occupational Titles ("DOT"), and the ALJ failed to explain how he resolved the conflict.  JS 3-4.

At Step Five, the Commissioner bears the burden of demonstrating there is other work in significant numbers in the national economy the claimant can do. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006).  If the Commissioner satisfies this burden, the claimant is not disabled and not entitled to disability benefits.  If the Commissioner cannot meet this burden, the claimant is "disabled" and entitled to disability benefits.  *Id.*

"There are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can do:  (1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2."  *Id.*

"[A]n ALJ may [not] rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the *Dictionary of Occupational Titles*."[1]  *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (footnote omitted); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1234 (9th Cir. 2009).  SSR 00-4p requires the ALJ to "first determine whether a conflict exists" between the DOT and the vocational expert's testimony, and "then determine whether the VE's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT]."  *Massachi*, 486 F.3d at 1153.

In evaluating the VE's explanation for the conflict, "an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation."  *Johnson*, 60 F.3d at 1435.  The ALJ's explanation is satisfactory if the ALJ's factual findings support a deviation from the DOT and "persuasive testimony of available job categories"

---

[1] The DOT raises a rebuttable presumption as to job classification. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

4

matches "the specific requirements of a designated occupation with the specific abilities and limitations of the claimant." *Id.* at 1435. Remand may not be necessary if the procedural error is harmless, *i.e.*, when there is no conflict or if the VE had provided sufficient support for her conclusion so as to justify any potential conflicts. *Massachi*, 486 F.3d at 1154 n.19.

Here, the VE testified that his opinion was consistent with the DOT, and the ALJ was entitled to rely on his testimony. AR 64; *see Massachi*, 486 F.3d at 1152. The hypotheticals were consistent with the ALJ's RFC determination and contained "all of the limitations that the ALJ found credible and supported by substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *see* AR 62-63. The ALJ asked the VE to assume the individual "was limited to simple, repetitive tasks, no contact with the public, only occasional non intense contact with coworkers and supervisors, no hyper vigilance, no safety operations, [and] no operating dangerous equipment." AR 62-63. The VE testified that there are occupations that exist in significant numbers in the national economy that could be performed, such as assembler small products, cleaner housekeeping, and office helper. AR 63.

Shannon contends the assembler job requires use of dangerous equipment, which would be precluded by the RFC. Shannon argues the DOT description of the assembler job contains the following description: "Loads and unloads previously setup machines, such as arbor presses, drill presses, taps, spot-welding machines, riveting machines, milling machines, or broaches, to perform fastening, force fitting, or light metal-cutting operation on assembly line." The Commissioner argues that "dangerous equipment" is akin to "hazardous machinery," which refers to "moving mechanical parts," which are "not present" in the assembler job. JS 5 (citing DOT § 706.684-022, 1991 WL 679050).

Shannon makes no showing that the duty of loading and unloading previously setup machines is the type of hazard implicated by the RFC

5

assessment.[2] Social Security Ruling 96-9p[3] describes hazards as including "moving mechanical parts of equipment, tools, or machinery; electrical shock; working in high, exposed places; exposure to radiation; working with explosives; and exposure to toxic, caustic chemicals." 1996 SSR LEXIS 6, *24-*25 (July 2, 1996). The DOT description of assembler does not indicate such hazards.[4]

Shannon also argues the cleaner and office helper jobs conflict with the DOT because these jobs *may* entail public contact. As Shannon concedes, the word "may" describes duties that are required in some establishments and not in others. JS 7; *see* DOT, Parts of the Occupational Definition, § 5(c) ("The word 'May' does not indicate that a worker will sometimes perform this task but rather that some workers in different establishments generally perform one of the varied tasks listed."). Regardless, even assuming these two jobs were inconsistent with Shannon's RFC, any error would be harmless because of the assembler job properly identified by the VE. *See McLeod v. Astrue*, 640 F.3d 881, 887-88 (9th Cir. 2011) (harmless error rule).

### D. Lay Witness Testimony

Shannon claims the ALJ failed to provide legally sufficient reasons for

---

[2] Shannon asks the court to take judicial notice of a government publication "which specifically warns of the dangers of this specific machinery and explains exactly how use of the machinery may lead to that end." (JS at 8.) Shannon does not attach a copy of the government publication. The job of assembler is described as loading and unloading "previously setup machines," and Shannon does not disclose how this job description presents a danger. Finally, the subject matter of Shannon's request for judicial notice does not qualify under Fed. R. Evid. 201(b).

[3] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

[4] By contrast, the Department of Labor describes proximity to moving mechanical parts as presenting exposure to possible bodily injury from moving mechanical parts of equipment, tools, or machinery.

rejecting the lay witness testimony of Shannon's friend, Ms. Walker, as to his ability to handle stress and changes in routine. JS 9.

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1058, 1053 (9th Cir. 2006). "When an ALJ discounts the testimony of lay witnesses, 'he [or she] must give reasons that are germane to each witness.'" *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (citation omitted).

Here, the ALJ mentioned the Third Party Function Report questionnaire completed by Ms. Walker and noted it was generally consistent with Shannon's testimony and function report questionnaire,[5] which the ALJ found was not credible as to mental symptoms to the extent inconsistent with the RFC assessment. AR 24-25. A reasonable inference from the decision is that the ALJ rejected the third party questionnaire to the extent inconsistent with the RFC assessment. *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion."). Shannon does not challenge the ALJ's credibility finding as to his own testimony. Given that the ALJ found that Ms. Walker's statements were similar, it follows the ALJ also gave germane reasons for rejecting her testimony. *See Valentine*, 574 F.3d at 694. Moreover, because Ms. Walker's questionnaire was cumulative, any error in failing to give reasons for rejecting her testimony was harmless because no reasonable ALJ could have reached a different result. *Stout*, 454 F.3d at 1056 ("[W]here the

---

[5] The ALJ's finding is supported by substantial evidence. In response to the question regarding how well Shannon handles stress, Ms. Walker stated, "Escapes stress – cannot handle workplace stress." AR 147. In Shannon's response to the question of how well he handles stress, he stated, "Not well." AR 155. Similarly, in response to the question regarding how well Shannon handles changes in routine, Ms. Walker responded, "Not very well." AR 147. In Shannon's response to the question of how well he handles changes in routine, Shannon replied, "Not very well." AR 155.

ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.").

## IV.
## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: August 4, 2011

*Alicia G. Rosenberg*

ALICIA G. ROSENBERG
United States Magistrate Judge